| | |
|---|---|
| CHARLES BRADFORD MITCHELL, *Petitioner,* v. UNITED STATES OF AMERICA. | CASE NO. 3:00-CR-00014 <br><br> MEMORANDUM OPINION <br><br> JUDGE NORMAN K. MOON |

Petitioner is challenging his being sentenced as a career offender under §§ 4B1.1 and 4B1.2 of the United States Sentencing Guidelines. He argues that the Supreme Court decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) [hereinafter "*Johnson II*"] made the residual clause of §4B1.2 unconstitutionally vague, and that no other clause of § 4B1.2 qualified him as a career offender. Further, Petitioner argues his claim is not barred by the recent decision in *Beckles v. United States*, 137 S. Ct. 886, 890 (2017) because that case related to the current *advisory* Sentencing Guidelines, while he was sentenced when the Guidelines were still *mandatory*.

I decide that Petitioner's claims are procedurally barred by 28 U.S.C. § 2255(f)(3) as untimely and by 28 U.S.C. § 2255(h)(2) as an improper successive petition. Petitioner's attempt to implicate *Johnson II* as a means around the procedural roadblocks of § 2255 fails because *Johnson II's* holding applies to individuals sentenced pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA") rather than individuals such as Petitioner who were sentenced under § 4B1.1 of the mandatory Sentencing Guidelines.

**I.    Factual Background**

1

This Court sentenced Petitioner Charles Mitchell to a term of 262 months on November 6, 2000, for a jury conviction for distribution of crack cocaine. (Judgment at 2). That sentence was based on a finding that he was a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. (*See* PSR ¶ 17). The docket does not make clear which of his prior offenses were counted for career offender purposes. (*See id*. (finding Petitioner was a career offender because "defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense")). It is not contested that Petitioner had a prior controlled substance offense conviction in April 1993, providing one of the two necessary prior felony convictions under § 4B1.1. Petitioner had two other felony convictions under New Jersey law at the time of his sentencing: a 1990 conviction for Robbery, and a 1998 conviction for Assault by Motor Vehicle. (PSR ¶¶ 21, 24). Petitioner now argues that neither of these convictions were a "crime of violence," giving him only one prior qualifying conviction at the time of sentencing, and making the Court's career offender determination incorrect. Petitioner argues that if he were resentenced today without the career offender designation, his guideline range would be 92-115 months. Because Petitioner has already served an amount in excess of 115 months, he seeks his immediate release.

## II.    Legal Background

Petitioner was sentenced in November 2000 under § 4B1.1 of the United States Sentencing Guidelines as a "career offender" because he had committed at least two prior "crimes of violence." Section 4B1.2 defined a "crime of violence" as one "punishable by imprisonment for a term exceeding one year" that:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another [known as the force clause]; or

> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives [known as the enumerated offenses clause], or otherwise involves conduct that presents a serious potential risk of physical injury to another [known as the residual clause].

U.S.S.G. § 4B1.2 (2000).

The ACCA, in 18 U.S.C. § 924(e) had an identical provision for labeling crimes as a "violent felony." In 2010, the Supreme Court in *Johnson v. United States*, 559 U.S. 133 (2010) [hereinafter "*Johnson I*"] held that the term "physical force" in the force clause of the ACCA "means violent force — that is, force capable of causing physical pain or injury to another person." *Johnson I*, 559 U.S. at 140. In 2015, *Johnson II* held that the residual clause of the ACCA was unconstitutionally vague in violation of the Due Process Clause of the Constitution. *Johnson II*, 135 S. Ct. at 2557. In *Welch v. United States*, 136 S.Ct. 1257 (2016), the Supreme Court determined that *Johnson II* announced a new substantive rule that applied retroactively on collateral review. However, in 2017, the Supreme Court held that the identical residual clause found in the advisory Sentencing Guidelines could not be challenged on vagueness grounds because the guidelines were not a statute that fixed sentences. *Beckles v. United States*, 137 S. Ct. 886, 890 (2017).

Petitioner was sentenced under the *mandatory* Sentencing Guidelines, which were not addressed in *Beckles* because they were no longer in effect when Travis Beckles was sentenced. The mandatory sentencing guidelines were abolished by *United States v. Booker*, 543 U.S. 220 (2005) on the grounds that they violated the Sixth Amendment by allowing judges to increase sentences based on factual findings not made by a jury. *See Booker*, 543 U.S. at 244. Petitioner argues that his mandatory, pre-*Booker* sentence as a career offender is unconstitutional under the residual clause after *Johnson II* and *Welch,* and that *Beckles* supports this conclusion. He further argues that neither of his felony convictions were for crimes involving "physical force" under *Johnson I.*

### III.    28 U.S.C. § 2255 Procedural Hurdles

Before the Court can consider Petitioner's claim on the merits, it must first consider whether he clears the procedural hurdles set by 28 U.S.C. § 2255. Section 2255(f) states that "[a] 1-year period of limitation shall apply to a motion under this section." There are several alternative starting points for the running of this one-year period found in 28 U.S.C. § 2255(f)(1)-(4). The relevant one for the purpose of this motion is § 2255(f)(3), which begins the limitations period on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Petitioner argues that he filed his motion within one year of *Johnson II* and that he is relying upon that case for his relief. Petitioner asserts that because *Johnson II* announced a right newly recognized by the Supreme Court, his motion is timely under § 2255(f)(3). The Government argues that *Johnson II* applied to the ACCA rather than to the mandatory Sentencing Guidelines that are at issue in this case, making *Johnson II* inapplicable to Petitioner's motion for § 2255(f)(3) purposes. If § 2255(f)(3) is inapplicable, Petitioner failed to meet any other limitations requirement under § 2255(f). Thus, whether Petitioner's motion is timely turns on an examination of § 2255(f)(3) to determine whether the "right asserted" by Petitioner is the same as the right that was "newly recognized" in *Johnson II* and subsequently "made retroactively applicable to cases on collateral review" in *Welch*. 28 U.S.C. § 2255(f)(3).

The parties dispute the meaning of "right" under § 2255(f)(3) and its application to *Johnson II*. Petitioner posits a broader definition of "right" more analogous to the reasoning of a case, such that the right newly announced in *Johnson II* was that no individual could face a fixed criminal sentence on the basis of vague language identical to that in the residual clause of the ACCA.  Under this view, Petitioner is merely seeking an application of that right to his own

circumstances. The Government argues that a "right" more resembles the holding of a case, and thus that *Johnson II* affords relief under § 2255(f)(3) only to those individuals who were sentenced under the residual clause of the ACCA itself. According to this logic, Petitioner is asking for the recognition of a new right by this court — that individuals have a Constitutional right not to be sentenced as career offenders under the residual clause of the mandatory Sentencing Guidelines.

It is clear that there must be some limit to the concept of a right under § 2255(f)(3). If petitioners were permitted to overcome the time limitation of § 2255(f)(3) simply because a newly recognized right had some relevance to their case, the procedural safeguard would be rendered essentially meaningless. *See United States v. Mason*, No. 2:10-CR-0080-LRS-1, 2016 WL 6803098, at *4 (E.D. Wash. Nov. 16, 2016) ("Section 2255 does not permit a [movant] to cite Supreme Court authority in name only as a hook to ask the court to consider the merits of an argument unrelated to or distinct from the new rule recognized by the Court.").

The breadth of a right under § 2255(f)(3) is also limited by the fact that the right must be "newly recognized." Necessarily, then, a right announced in a case for § 2255(f)(3) purposes cannot be a broad legal principle unless that principle itself is new. For instance, the right under *Johnson II* could not have been the broad right to not be subject to vague criminal laws, as that right had been recognized long before *Johnson II* was decided.

Further, a right under § 2255(f)(3) must be analogous to a "new rule" under *Teague v. Lane*, 489 U.S. 288 (1989). *See United States v. Cuong Gia Le*, 206 F. Supp. 3d 1134 (E.D. Va. 2016). The language of § 2255(f)(3) directly implicates *Teague*, stating that the clause only applies "if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See Teague*, 489 U.S. at 292 (addressing the

5

"retroactivity for cases on collateral review"). Additionally, it makes little sense to interpret the new right under § 2255(f)(3) as significantly broader than a new rule under *Teague*, or else § 2255(f)(3) would extend a limitations period for cases that are not retroactively reviewable in the first place. Under *Teague*, the concept of a new rule is relatively narrow in that a case announces a new rule only "when it breaks new ground or imposes a new obligation on the States or the Federal Government" or "if the result was not dictated by precedent existing at the time the defendant's conviction became final." *Teague*, 489 U.S. at 301.

Summarizing, then, the Court has several guiding principles through which to analyze whether Petitioner is asserting a right newly established in *Johnson II*. The concept must be limited by the principle that it is the essential task of lawyers to make connections between cases, and therefore that mere logical support from a newly established right is insufficient. The inquiry is also informed by the reasoning that a "newly recognized" right is connected to a "new rule" under *Teague*, and thus is something that "breaks new ground" or "was not dictated by precedent." *Teague*, 489 U.S. at 301.[1] Under these principles, the "right" recognized under § 2255(f)(3) is analogous to the holding of a case.

The analysis turns, then, to whether the holding of *Johnson II* established the same right that Petitioner seeks to assert in this case. It is clear that it does not, as *Johnson II's* holding was limited to the ACCA and did not extend to other legal authorities such as the Sentencing Guidelines.[2] *Welch* specifically described the substantive right established by *Johnson II* as one

---

[1] For the same reasons, the meaning of "right" should also be interpreted as nearly identical to the "new rule" required under § 2255(h) to file successive petitions. *See United States v. Cuong Gia Le*, 206 F. Supp. 3d 1134 (E.D. Va. 2016).

[2] *See, e.g., Brewton v. United States*, No. 3:12-CR-399-FDW-1, 2015 WL 5821093, at *2 (W.D.N.C. Oct. 5, 2015) ("Moreover, the *Johnson* holding was confined to the residual clause of the ACCA, and it is unclear whether it applies to sentencing guidelines language that mirrors the language of the residual clause in the ACCA."); *United States v. Willis*, 208 F. Supp. 3d 739,

relating to the ACCA, stating that *Johnson II*: "changed the substantive reach of the Armed Career Criminal Act, altering the range of conduct or the class of person that the Act punishes." *Welch*, 136 S. Ct. at 1265 (internal quotation marks omitted). *Welch* also stated that *Johnson II* "cast no doubt" on laws using similar language but that required an evaluation of the particular facts of the case. *Welch*, 136 S. Ct. at 1262. *Johnson II* itself rejected arguments by the Government that it was placing the other laws textually similar to the ACCA into "constitutional doubt." *See Johnston II*, 135 S. Ct. at 2561.[3]

---

742–43 (E.D. Va. 2016), *appeal dismissed*, No. 16-7613, 2017 WL 1040539 (4th Cir. Mar. 17, 2017) ("The Supreme Court's holding in *Johnson* was limited to the ACCA residual clause and did not address § 924(c)."); *United States v. Kenney*, No. 1:92-CR-22, 2016 WL 7117919, at *4 (M.D. Pa. Dec. 7, 2016) ("In this case, we find that Defendant's motion seeks to assert a new right that has not yet been recognized by the Supreme Court. Instead, Defendant urges the creation of a second new rule that would apply *Johnson* and the constitutional vagueness doctrine to a provision of the then-mandatory sentencing guidelines." (internal citations and quotation marks omitted)); *United States v. Terrell*, No. 2:11-CR-0196-LRS-1, 2016 WL 6582993, at *7 (E.D. Wash. Nov. 4, 2016) ("This challenge to the 'crime of violence' definition under the Guidelines, does not fall under § 2255(f)(3), because the substantive rule announced in *Johnson* did not cover the Guidelines. The unconstitutionality of the U.S.S.G. § 4B1.2 was not 'new right' announced in *Johnson*, nor even mentioned by the Supreme Court."); *United States v. Mason*, No. 2:10-CR-0080-LRS-1, 2016 WL 6803098, at *3–4 (E.D. Wash. Nov. 16, 2016) ("First, it does not meet the standard for collateral claims under § 2255(f)(3). Unlike the petitioner in *Johnson*, Mason was not sentenced under ACCA, nor is there a basis to contend his sentence exceeds the permissible statutory penalty for the crimes of conviction."); *United States v. Macon*, No. 1:14-CR-71, 2016 WL 7117468, at *3–4 (M.D. Pa. Dec. 7, 2016) ("In short, neither *Johnson* nor *Welch* sweeps so broadly as to create a newly recognized "right" that encompasses the residual clause of the Guidelines."); *United States v. Donnell*, No. 8:07-CR-356-T-23MAP, 2016 WL 3525213, at *2 (M.D. Fla. June 28, 2016), *appeal dismissed* (Oct. 14, 2016) ("Donnell was sentenced as a career offender under Section 4B1.1, United States Sentencing Guidelines, not under 18 U.S.C. § 924(e), the Armed Career Criminal Act. As a consequence, neither *Johnson* nor *Welch* applies to Donnell."); *Donnell v. United States*, 826 F.3d 1014, 1015–16 (8th Cir. 2016) ("The Court held that the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) was unconstitutionally vague and that increasing a defendant's sentence under that clause violated the constitutional right to due process."); *Zuschin v. United States*, No. 8:16-CV-1362-T-24MAP, 2016 WL 3090410, at *2 (M.D. Fla. June 2, 2016) ("However, Petitioner is afforded no relief because Petitioner was not sentenced under the ACCA and thus, *Johnson* is not applicable to Petitioner's claims.").

[3]     Justice Sotomayor also noted in her concurrence in *Beckles* that "The Court's adherence to the formalistic distinction between mandatory and advisory rules at least leaves open the

Rather than relying on the rule of *Johnson II*, Petitioner seeks a second, new rule extending *Johnson II* to the mandatory Sentencing Guidelines. The holding from *Johnson II* does not *dictate* that the residual clause of the mandatory Sentencing Guidelines was unconstitutional. And, under the *Teague* framework, "a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." Because the result Petitioner seeks is not directly compelled by *Johnson II* and *Welch*, any court determining that the residual clause of the mandatory Sentencing Guidelines is void for vagueness would be announcing a new rule by extending *Johnson II* to the Sentencing Guideline context. However, such new rules only allow a petitioner to overcome the barriers of § 2255 when they are created by the Supreme Court and are made retroactive to cases on collateral review.

Because the Supreme Court has not decided whether the residual clause of the mandatory Sentencing Guidelines is unconstitutionally vague — and did not do so in *Johnson II* — Petitioner's motion is untimely under § 2255(f)(3) and is an improper successive petition under § 2255(h)(2).[4, 5]

---

question whether defendants sentenced to terms of imprisonment before our decision in [*Booker*] . . . may mount vagueness attacks on their sentences." *Beckles*, 137 S. Ct. at 903 n.4. If the Supreme Court left this issue "open," the issue here cannot be just an application of the rule or right of *Johnson II*.

[4]     28 U.S.C. § 2255(h)(2) states that a successive petition must be certified to contain "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

[5]     This decision accords with several of the most recent cases analyzing this exact issue post-*Beckles*. *See United States v. Russo*, No. 8:03CR413, 2017 WL 1533380, at *3 (D. Neb. Apr. 27, 2017) ("[T]he holding in *Johnson* did not announce a new rule invalidating the residual clause in § 4B1.2(a)(2) of the Guidelines.") *id*. ("Defendant's § 2255 Motion seeks an extension, not an application, of the rule announced in *Johnson*."); *Hodges v. United States*, No. C16-1521JLR, 2017 WL 1652967, at *2–3 (W.D. Wash. May 2, 2017) ("However, Mr. Hodges seeks to extend, not apply, the rule announced in *Johnson*. Until further pronouncement of the Supreme Court concerning the applicability of *Johnson* to the Guidelines as they were applied prior to *Booker*, Mr. Hodges's collateral attack on the residual clause in USSG § 4B1.2(a)(2)

Petitioner makes several additional arguments against his claim being procedurally barred by either 2255(f)(3) or 2255(h)(2). He asserts that the Fourth Circuit already addressed this issue by authorizing him to bring a successive petition in this case. (*See* dkt. 73). Further, he cites *In re Hubbard*, 825 F.3d 225, 229 (4th Cir. 2016), a case upholding the decision to authorize a successive § 2255 petition challenging mandatory Sentencing Guidelines under the logic of *Johnston II*. However, as *Hubbard* itself readily admits, the inquiry at the § 2244 authorization stage is merely a quick glance to see whether a *prima facie* case exists, and "it is for the district court to determine whether the new rule extends to the movant's case, not for this court in this proceeding." *Hubbard*, 825 F.3d at 231; s*ee also* dkt. 73 at 1 ("Mitchell has made a *prima facie* showing that the new rule of constitutional law announced in [*Johnson II*] and held to apply retroactively to cases on collateral review by [*Welch*] *may* apply to his case." (emphasis added)). This decision comports with many others noting the limited role of the inquiry taken by Circuit Courts in authorizing § 2255 petitions. *See United States v. Friend*, No. 3:99CR201, 2015 WL 2206873, at *1 (E.D. Va. May 11, 2015), *vacated and remanded on substantive grounds*, 667 F. App'x 826 (4th Cir. 2016) ("This Court must examine Friend's claim *'de novo'* to assure that it satisfies the requirements of § 2255(h)(2)."); *McLeod v. Peguese*, 337 F. App'x 316, 323–24 (4th Cir. 2009) ("The grant of a PFA motion, however, is tentative in the following sense: the district

---

does not meet the requirements of 28 U.S.C. § 2255(f)(3).")." *Cottman v. United States*, No. 8:02-CR-397-T-24TBM, 2017 WL 1683661, at *1–2 (M.D. Fla. May 3, 2017) ("His conviction became final years ago, and since *Johnson* does not apply to Petitioner's career offender sentence, § 2255(f)(3) does not apply to extend the time for filing a § 2255 motion."); *Gilchrist v. United States*, No. 216CV480FTM29MRM, 2017 WL 1740310, at *2 (M.D. Fla. May 3, 2017) ("However, it is clear from a review of the underlying criminal docket that petitioner was not sentenced under the Armed Career Criminal Act, and therefore *Johnson* and *Beckles* do not apply to extend the statutory time limitation of one year from the date petitioner's conviction became final."); *but see United States v. Tunstall*, No. 3:00-CR-050, 2017 WL 1881458, at *6 (S.D. Ohio May 9, 2017) (permitting untimely and successive challenge to mandatory Sentencing Guidelines under *Johnson II*).

court must dismiss the motion that we have allowed the applicant to file, without reaching the merits of the motion, if the court finds that the movant has not satisfied the requirements for the filing of such a motion." (internal quotation marks omitted)). The Circuit Court's *prima facie* determination authorizing the petition does not constrain this Court from making its own, independent evaluation of whether Petitioner has satisfied the requirements of (h)(2) and (f)(3).

Petitioner also argues that the Supreme Court has already implicitly addressed the procedural constraints of § 2255 by permitting the petition in *Beckles* to reach the merits. This argument, however, lacks factual support, as the petition in *Beckles* was within one year of the conviction becoming final and was not successive. *See Beckles*, 137 S. Ct. at 891 (noting that certiorari was denied in *United States v. Beckles*, 558 U.S. 906 (2009) (which occurred on October 5, 2009) and that Beckles filed his motion to vacate in September 2010); *see also* MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND MEMORANDUM OF LAW IN SUPPORT ¶ 11, *Travis Beckles v. United States*, No. 1:07-cr-20305 (S.D. Fl. 2013) (Doc. No. 151) ("This motion is therefore timely under 28 U.S.C. § 2255(F), because it is filed within a year of the Supreme Court's denial of certiorari."). Therefore, the potential procedural bars of §§ 2255(f)(3) and 2255(h)(2) were inapplicable in *Beckles*, and the Supreme Court had no need to rule on the issue.

Petitioner further points to several Circuit Court decisions retroactively applying Supreme Court decisions relating to the ACCA — specifically *Begay v. United States*, 553 U.S. 137 (2008) and *Chambers v. United States*, 555 U.S. 122 (2009) — to Sentencing Guideline cases on collateral review. The implication of the existence of these Circuit decisions that Supreme Court decisions affecting the "violent felony" definition of the ACCA are widely held

to affect the "crime of violence" definition in the Sentencing Guidelines, and thus that Petitioner's residual clause argument here is covered by *Johnson II*.

However, cases such as *Begay* and *Chambers* — in which the Court explored the meaning of the residual clause of the ACCA — are not directly applicable here. In those cases, the issue was one of "statutory construction," rather than the validity of the statute itself. (*See* Petitioner's Reply Brief, dkt. 97 at 4). Because the issue was one of statutory construction, there was no reason to believe that the analysis in those cases would not extend to cases involving the identical language of the Sentencing Guidelines. Here, by contrast, the mere fact that the language of the ACCA and the Sentencing Guidelines are identical is only the beginning of the analysis. As *Beckles* demonstrated, the issue of the applicability of *Johnson II's* vagueness analysis to the Sentencing Guidelines hinges more on the purpose and structure of the Sentencing Guidelines than it does their language. *See Beckles*, 137 S. Ct. at 894 ("Because they merely guide the district courts' discretion, the Guidelines are not amenable to a vagueness challenge."); *see id*. ("The advisory Guidelines also do not implicate the twin concerns underlying vagueness doctrine—providing notice and preventing arbitrary enforcement."). Thus, the cases cited by Petitioner do not establish that Supreme Court rulings on ACCA must apply retroactively to Sentencing Guidelines in cases such as this.

Finally, Petitioner argues that the necessary consequence of accepting the Government's procedural argument is that no petitioner sentenced under the career offender provisions of the mandatory Sentencing Guidelines would ever be able to have their sentence reviewed. This is because the mandatory Sentencing Guidelines ended in 2006, and sentences under them almost certainly would have been final more than a year prior to the *Johnson II* decision in 2015. While perhaps true, this issue is not one that can color the Court's legal analysis. With 28 U.S.C. §

2255, Congress set out significant procedural hurdles for successive and untimely habeas petitions. *United States v. Surratt*, 797 F.3d 240, 246 (4th Cir. 2015), *reh'g en banc granted* (Dec. 2, 2015) ("[I]n AEDPA, Congress limited the jurisdiction of federal courts to hear second or successive requests under § 2255."); *United States v. Wilson*, 256 F.3d 217, 220 (4th Cir. 2001) ("Congress created § 2255's one-year statute of limitations in order to prevent courts from entertaining stale claims on collateral review."). That such a hurdle might apply here is evidence of the manifestation of Congress's intent rather than an error in reasoning by the Court.

## IV.    Conclusion

The Court concludes that Petitioner's claim is procedurally barred by both § 2255(f)(3) and § 2255(h)(2). He attempts to bring a claim pursuant to *Johnson II*, but *Johnson II's* holding extended only to individuals convicted under the ACCA. As his challenge to his sentence under the mandatory Guidelines is not strictly governed by the right recognized in *Johnson II*, the right he is asserting is not a newly recognized right or rule that would permit his claim to overcome § 2255's procedural hurdles. Because the Court concludes that Petitioner's motion is barred under §§ 2255(f)(3) and 2255(h)(2), the Court will not address the merits of Petitioner's claim nor other procedural arguments raised.

However, the Court will not issue a final Order on this matter at present, as a case presenting the same questions is currently on appeal before the Fourth Circuit. That case, *United States v. Thilo Brown*, No. 16-7056, was argued on May 11, 2017. The Court will enter a final Order in this matter once the *Brown* court has issued its opinion.

Entered this ___24th___ day of May, 2017.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE